IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CR-20 (WLS-TQL-1) |
| | : | |
| JAH-RRICK JARIQUE-JOHN SMITH, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

On April 27, 2023, the Court held two joint hearings on Defendant Smith. There was a revocation hearing based on the Government's Petition for revocation of supervised release pursuant to Defendant's alleged violation of conditions of his supervision in case number 7:23-cr-20, and a sentencing hearing based on Defendant's plea of guilty to Count One of Indictment in case number 7:22-cr-25.

As to case number 7:22-cr-25, which was the basis for the sentencing hearing, in August of 2022, Defendant Smith was charged in a one-count Indictment that charged him with possession of a firearm by a convicted felon in the United States District Court for the Middle District of Georgia, Valdosta division. (Case No: 7:22-cr-25). Defendant pled guilty to Count One of the Indictment before this Court on January 12, 2023.

As to case number 7:23-cr-20, which was the basis for his revocation hearing, Defendant Smith had previously pled guilty to Count One of the Indictment in the United States District Court for the Southern District of Texas, Laredo Division, in February of 2021. Count One charged Defendant Smith with conspiracy to transport and move and attempt to transport and move an undocumented alien within the United States by means of transportation, in violation of 8 U.S.C. §1324. (Doc. 1). Pursuant to the guilty plea, Defendant was sentenced to imprisonment of 53 days, followed by a supervised release of 3 years. His supervised release commenced on April 22, 2021, and it was set to expire on April 21, 2024. (*Id.*); (Doc. 4). Subsequently, this matter was transferred to this Court from the

Southern District of Texas on February 21, 2023. (Case No: 7:23-cr-20). The Government's Petition for revocation (Doc. 4) was entered on the docket as case number 7:23-cr-20 on February 27, 2023, which provided that Defendant had allegedly committed seven (7) violations of his supervised release.

Both revocation and sentencing hearings on Defendant Smith took place simultaneously on April 27, 2023. At the hearing, Defendant acknowledged that he had been provided with a copy of the Government's Petition for revocation and that he had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify (Defendant was also advised that he was not required to testify or present a defense)—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received and reviewed the Reports, one which contained findings for both the revocation hearing on case number 7:23-cr-20 and the other findings for the sentencing hearing on case number 7:22-cr-25.

At the sentencing hearing on case number 7:22-cr-25, the Court confirmed from Defendant that he had also reviewed the Report's findings as to his sentencing for case number 7:22-cr-25. Defendant objected to the Report's findings as to sentencing; specifically, Defendant objected to Paragraph 28, which concerned a four-level enhancement that resulted from possessing a firearm in connection with other felony offenses. The Government responded to Defendant's objections and argued that the four-level enhancement should be maintained because it was a proper application of the guideline. After hearing from both Parties, the Court overruled Defendant's objection and found the four-level enhancement to be proper. The Court took into consideration Defendant's U.S. Sentencing Guidelines range of 21 to 27 months for case number 7:22-cr-25, which was based on Defendant's total offense level of 15 and a criminal history category of II. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a), the Court sentenced Defendant to twenty-seven (27) months imprisonment, followed by a term of supervised release of three (3) years, which included the mandatory, standard, and special conditions of supervised release as noted in the Report.

At the revocation hearing for case number 7:23-cr-20, neither the Government nor the Defendant had objections to the Report's findings. Defendant further stated that he had spoken to his counsel about the Government's Petition and did not wish to have a hearing on it. However, Defendant withdrew his stipulation to violations one, two, three, five, six, and seven, and only stipulated to violation number four. Violation number four was the offense that Defendant Smith pled guilty to in case number 7:22-cr-25, which was possession of a firearm by a convicted felon. The Government did not oppose Defendant's withdrawal of those violations because the Government explained that such withdrawal would not change or make a difference to the findings in the Report; thus, the Government withdrew those alleged violations. Accordingly, the Court acknowledged that violations one, two, three, five, six, and seven from the Petition had been withdrawn.

The Court found that Defendant freely, knowingly, and voluntarily waived his rights to a hearing and stipulated to the alleged violation of supervised release for the purposes of the revocation hearing outlined at violation number four of the Petition. As such, the Court found that Defendant had committed the alleged violation number four by a preponderance of the evidence and that Defendant did violate the conditions of his supervised release. The Court heard from the Government, Defense Counsel, and Defendant Smith. The Court then declared Defendant's supervised release revoked.[1] The Court took into consideration Defendant's U.S. Sentencing Guidelines range of 4 to 10 months, which was based on Defendant's Grade B violation and criminal history category of I, at the time of the original sentence in case number 7:23-cr-20. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to ten (10) months imprisonment. Additionally, the Court ordered this 10-month imprisonment to be served consecutively to the term of imprisonment of 27 months that was imposed in the sentencing hearing on case number 7:23-cr-20.

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 Fed. App'x 929, 931 (11th Cir. 2012 (quoting United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

The Court ultimately found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public. Thus, the Government's Petition (Doc. 4) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. In sum, Defendant Smith is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of thirty-seven (37) months, followed by three (3) years of supervised release including the mandatory, standard, and special conditions of supervised release set out in the Report. The Court found this ultimate sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and to protect the public.

**SO ORDERED**, this  11th  day of May, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**